Ms. Stacey Witherell Employee Services Manager 501 W. Markham, Suite 130W Little Rock, AR 72201
Dear Ms. Witherell:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records that have been requested under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 et seq.).
You state that a request has been presented to the City for the personnel file of a particular employee, including the individual's qualifications for the job, the length of time the employee has held the job, the employee's job description, and any complaints made or disciplinary action taken against the employee. You indicate that as custodian of the records, you have determined that these records are "only releasable if the employee received a suspension or termination based on the complaint or any other infraction."
I am directed by law to issue my opinion as to whether your determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B).
RESPONSE
As an initial matter, I note that I have not been provided with a copy of the requested records. I therefore cannot form a definitive opinion concerning the releasability of any of them. Nevertheless, I will discuss the general standards for the release of the types of records that have been requested.
It is my opinion that your determination appears to be correct as applied to any of the records that constitute employee evaluation/job performance records. I will discuss this issue more fully below.
Disciplinary Records
Any record reflecting disciplinary action taken against the employee, and detailing the incident that gave rise to the discipline, should be classified as an employee evaluation/job performance record. Therefore, its releasability will be governed by the standard for the release of such records, as stated in A.C.A. § 25-19-105(c)(1). Employee evaluation/job performance records can be released only if the following conditions have been met:
• The employee has been suspended or terminated;
 • There has been a final administrative resolution of the suspension or termination;
 • The record in question formed a basis for the suspension or termination; and
• There is a compelling public interest in the record.
If you possess any disciplinary records, and if these records detail an incident that gave rise to the discipline, you must evaluate their releasability under the above-stated standard. (I note that I have previously opined that disciplinary records that do not detail the incident that gave rise to the discipline do not constitute employee evaluation/job performance records. Rather, they constitute personnel records, which are releasable under a different standard (discussed below). Ops. Att'y Gen. Nos. 2000-203; 97-400.)
I point out that any other records in the employee's personnel file that constitute employee evaluation/job performance records must be evaluated under the above standard. The FOIA does not define the term "employee evaluation/job performance record," nor has the phrase been construed judicially. The Attorney General has consistently taken the general position that records relating to an employee's performance or lack of performance on the job are properly classified as job performance records under the FOIA. See, e.g., Ops. Att'y Gen. Nos. 96-132; 91-324. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 99-147; 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303. You should evaluate all of the records in the requested file, for the purpose of determining whether any of them constitute employee evaluation/job performance records. If so, their releasability will be governed by the standard discussed above.
Complaints
The request that you received specifically included a request for complaints made against the employee. I have previously opined that unsolicited complaints against a particular employee by third parties constitute personnel records, rather than employee evaluation/job performance records. Ops. Att'y Gen. Nos. 2001-123; 2000-175; 2000-166; 99-026. (In order to constitute an employee evaluation/job performance record, a record must have been created by or at the behest of the employer. Id.)
The standard for the release of personnel records is much more lenient than the standard for the release of employee evaluation/job performance records. Under the FOIA, personnel records must be released unless their release would constitute a clearly unwarranted invasion of the employee's personal privacy. A.C.A. § 25-19-105(b)(12). The question of whether the release of any particular record would constitute a clearly unwarranted invasion of the employee's personal privacy is a question of fact, which you, as custodian, must determine in the first instance. Op. Att'y Gen. No. 2001-145.
Thus, if you possess any complaint records that are responsive to the request, and if these records were unsolicited and not created by or at the behest of the employer, they will be subject to this standard of release. That is, you, as custodian of the records, must determine whether, as a factual matter, their release would constitute a clearly unwarranted invasion of the employee's personal privacy. If not, these records must be released.
Qualifications, Length of Time, Job Description
Likewise, any records that you possess that reflect the employee's qualifications for holding the job, the length of time the employee has held the job, and the job description of the position held by the employee in question constitute personnel records, rather than employee evaluation/job performance records. (I have consistently opined that "personnel records" are any records other than employee evaluation/job performance records that pertain to the individual employee. See, e.g.,
Ops. Att'y Gen. Nos. 2001-123, citing Watkins, The Arkansas Freedom ofInformation Act (m m Press, 3rd Ed., 1998 at 134.) These records, therefore, must be released unless, as a factual matter, their release would constitute a clearly unwarranted invasion of the employee's personal privacy. I note that in determining the factual question of whether the release of any record would constitute a clearly unwarranted invasion of the employee's personal privacy, it is appropriate to apply a balancing test. That is, you should weigh the employee's privacy interest in the record against the public's interest in having access to that record. If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy." This is the approach that has been adopted by the Arkansas Supreme Court. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). The federal courts upon which the Arkansas Supreme Court has relied have found relatively little privacy interest in records revealing such information as names, date and place of birth, salaries of public employees, training or education background, and work experience.See, e.g., Kruzon v. Department of Health Human Services, 649 F.2d 65
(1st Cir. 1981); Simpson v. Vance, 648 F.2d 10 (D.C. Cir. 1980).
Be aware that if a record contains both exempt and non-exempt information, this fact does not justify non-disclosure. A.C.A. §25-19-105(f)(1). Rather, the record must be released, with the exempt information redacted. A.C.A. § 25-19-105(f)(2). For example, if a record contains social security numbers, or medical information (both of which are exempt from disclosure), but the record is otherwise releasable, you must redact the exempt information, and release the record. You must also (if technically feasible) indicate the amount of information redacted at the place in the record where the deletion was made. A.C.A. §25-19-105(f)(3).
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General